**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SHIPRA JAIN, | No. 24-1780 |
| Plaintiff - Appellant, | D.C. No. 3:21-cv-09747-TSH |
| v. | MEMORANDUM* |
| UNILODGERS, INC.; VAIBHAV VERMA, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Thomas S. Hixson, Magistrate Judge, Presiding

Submitted November 21, 2024**
San Jose, California

Before: FRIEDLAND and BUMATAY, Circuit Judges, and KENNELLY, District Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***      The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

Appellant Shipra Jain appeals the denial of a preliminary injunction in this diversity action against Unilodgers, Inc., a company she co-founded, and Vaibhav Verma, another co-founder. Jain had sought to block a sale of Unilodgers. We have jurisdiction under 28 U.S.C. § 1292(a)(1) and affirm.

We review the denial of a preliminary injunction for abuse of discretion. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). A district court abuses its discretion when its decision is based on "an erroneous legal standard or clearly erroneous finding of fact." *Id.* (citation omitted). We apply a "sliding scale" approach, "allowing a stronger showing of one element to offset a weaker showing of another." *Doe v. Snyder*, 28 F.4th 103, 111 (9th Cir. 2022) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Jain alleges that Unilodgers and Verma improperly "repurchased" 100% of her shares in Unilodgers. She sued Unilodgers and Verma for breach of contract, breach of fiduciary duty, and conversion. In her prayer for relief, she sought the return of her shares or damages.

Unilodgers and Verma then sought to sell the company's assets, which Jain

alleges would have made any judgment against Unilodgers uncollectible. The district court initially granted a temporary restraining order to halt the sale because Jain made a showing that Unilodgers improperly took her shares, and an asset sale would have left Unilodgers judgment proof. Nevertheless, it later denied Jain's motion for a preliminary injunction because Unilodgers and Verma had subsequently returned Jain's stock to her. The district court concluded that Jain had succeeded in having her stock returned and that she would not likely have any further success on the merits.

Jain argues that the district court erred because she never "accepted" the "offer" of the return of shares. Regardless, on March 4, 2024, Unilodgers reissued a stock certificate to Jain for her shares. Jain has not shown that the transfer of stocks was invalid or ineffective without her assent. Thus, Jain received the equitable relief she sought. She asserts that she is still entitled to damages because she did not "accept" the shares and that the shares are now worthless. The district court denied that as a basis for injunctive relief because Jain never alleged that she would have sold her shares before the sale and because the amount of any damages would be difficult to ascertain. Even assuming Jain is correct that a likelihood of success on a damages claim could entitle her to a preliminary injunction, Jain has not shown a likelihood of success because she still presents no cognizable damages theory or methodology in this appeal.

Because Jain has not established a likelihood of success in showing that she would prevail on any damages claim, we need not consider the remaining preliminary injunction factors. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) ("Likelihood of success on the merits is the most important *Winter* factor; if a movant fails to meet this threshold inquiry, the court need not consider the other factors . . . .") (simplified).

In their answering brief, Unilodgers and Verma request that we enjoin Jain from proceeding with this appeal based on the parties' prior agreement. We decline to reach that issue in the first instance.

**AFFIRMED.**